FILED
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 27 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DARREN KRAEUTER, Individually and on
Behalf of All Other Persons Similarly Situated

        Plaintiffs,

  -against-

DAVID LERNER ASSOCIATES, INC.

        Defendant.

---------------------------------------------------------------X

CV 07   3571

Civ Action No.

**COMPLAINT AND JURY DEMAND**

BIANCO, J.

WALL, M.J.

## NATURE OF THE ACTION

1.  Plaintiff alleges on behalf of himself and other similarly situated current and employees of the Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for work which they did not receive minimum wages and for overtime work for which they did not receive overtime premium pay, as required by law, as well as improper deductions made from their wages and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.  Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendant for work for which they did not receive minimum wages and for overtime work for which they did not receive overtime premium pay as required

by the New Jersey Wage and Hour Act, N.J.S.A. 34:11-56a1, *et seq.* ("NJWHA"), as well as improper deductions made from their wages in violation of said statues.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, Darren Kraeuter was, at all relevant times, an adult individual, residing in Saddle Brook, New Jersey.

7. Upon information and belief, David Lerner Associates, Inc. ("Defendant") is a New York corporation with its principal place of business at 477 Jericho Turnpike, Syosset, New York.

## COLLECTIVE ACTION ALLEGATIONS

8. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant anywhere in the United States as investment consultants and comparable positions with

different titles, at any time since August 24, 2004, from the date of the commencement of this action to the entry of judgment in this case (the "Collective Action Period"), who were classified by Defendant as exempt from the provisions of the FLSA, while at the same time, being assigned by Defendant a primary duty that is inconsistent with exempt status . These non-exempt employees of the Defendant were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek as well as minimum wages and also had improper deductions from their wages (the "Collective Action Members").

9. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 300 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

10. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

11. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible

for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

12. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. whether the Defendant employed the Collective Action members within the meaning of the FLSA;

   b. whether Defendant's investment counselors were improperly and uniformly classified as exempt, in violation of the FLSA;

   c. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

   d. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   e. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

   f. whether Defendant failed to pay the Collective Action Members minimum wages as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder by virtue of its uniform designation of investment consultants as exempt;

g. whether Defendant's failed to compensate Plaintiffs the applicable minimum hourly wages in violation of 29 U.S.C. § 206(a);

h. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

i. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

j. whether Defendant should be enjoined from such violations of the FLSA in the future.

13. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

14. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

15. Plaintiff brings his New Jersey Wage and Hour Act claim on behalf of all persons who were employed by Defendant as investment counselors, and comparable positions with different titles in any of its New Jersey locations at any time since August 24, 2004, to the entry of judgment in this case (the "Class Period"), who were classified by Defendant as exempt from the provisions of the NJWHA, while at the same time, being assigned by Defendant a primary duty that is inconsistent with exempt status of the NJWHA (the "Class").

16. Plaintiff also brings his NJWHA claim on behalf of all persons who were employed by Defendant as investment counselors, and comparable positions with different

titles, in any of its New Jersey locations at any time since August 24, 2004, to the entry of judgment in this case (the "Class Period"), and from whom Defendant impermissibly and unlawfully made deductions from their wages for among other things, but not limited to, the following items: the salary of support staff and other overhead expenses.

17.   In addition to the above described violations of the NJWHA, the Defendant failed to record, credit or compensate the Plaintiffs the applicable minimum hourly wage in violation of the New Jersey Wage and Hour Law.

18.   The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 200 members of the Class during the Class Period.

19.   The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

20.   The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21.   Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

6

22. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

23. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

　　a. whether the Defendant employed the members of the Class within the meaning of the NJWHA;

　　b. whether Defendant's investment counselors and comparable positions with other titles were improperly and uniformly classified as exempt, in violation of the NJWHA;

　　c. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

　　d. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

　　e. whether Defendant failed and/or refused to pay the members of the Class minimum wages as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of NJWHA and made improper deductions from their wages in violation of said statutes;

　　f. whether Defendant's failed to compensate Plaintiffs the applicable minimum hourly wages in violation the New Jersey Wage and Hour Law;

　　g. whether Defendant unlawfully and impermissibly made deductions from employees' wages;

7

    h. whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

    i. whether the Defendant should be enjoined from such violations of the NJWPL and the New Jersey Wage and Hour Law in the future.

## STATEMENT OF FACTS RELATING TO THE COLLECTIVE ACTION MEMBERS AND THE CLASS

24. At all relevant times, Defendant provided capital market services, investment and advisory services, wealth management, asset management, banking and related products and services in several states and the State of New Jersey.

25. Starting in or about October 2003 until in or about November 2004, Plaintiff was employed by Defendant as an investment counselor at the Defendant's investment office located in Teaneck, New Jersey.

26. Plaintiff's work was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

27. Plaintiff's primary duty did not include work requiring the exercise of discretion and independent judgment.

28. Plaintiffs often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiffs minimum wages as well as overtime compensation of one and one-half times their regular hourly rate and made improper deductions from their wages in violation of the FLSA and the NJWHA. Instead, they were paid a commission regardless of whether they worked in excess of forty hours a week and in numerous weeks, the commissions

paid to Plaintiffs did not meet the minimum wage required pursuant to the FLSA and the NJWHA. Additionally, Defendant made improper deductions from Plaintiffs' wages in violation of said statues.

29. Throughout Plaintiff's employment by Defendant and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that did not require the exercise of discretion and independent judgment.

30. Such individuals have worked in excess of forty hours a week or more, yet the Defendant has likewise willfully failed to pay them minimum wages as well as overtime compensation of one and one-half times their regular hourly rate and made improper deductions from their wages in violation of the FLSA and the NJWHA. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

31. During the course of Plaintiff's own employment, and while Defendant employed Plaintiff and the Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records.

32. Throughout all relevant time periods, upon information and belief, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and the NJWHA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT FOR OVERTIME AND MINIMUM WAGES

33. Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 32 as if they were set forth again herein.

34. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

36. Upon information and belief, at all relevant times, Defendant has had annual gross revenues in excess of $500,000.

37. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

38. At all relevant times, the Defendant had a policy and practice of refusing to pay minimum wages as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek and made improper deductions from their wages.

39. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, for minimum wages as well as overtime compensation at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, and for improper deductions from their wages the Defendant has violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

10

40. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendant have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

42. Due to the Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from the Defendant, their unpaid minimum wages and overtime compensation and improper wage deductions, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF: NEW JERSEY WAGE PAYMENT LAW FOR OVERTIME AND MINIMUM WAGES

43. Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 42 as if they were set forth again herein.

44. At all relevant times, Plaintiff and the members of the Class were employed by the Defendant within the meaning of the NJWHA.

45. Defendant willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them minimum wages as well as overtime compensation at rates not

less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek and for making improper deductions from their wages.

46. The Defendant's NJWHA violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

47. Due to the Defendant's NJWHA violations, Plaintiff and the members of the Class are entitled to recover from Defendants their minimum wages as well as unpaid overtime compensation, and improper deductions from wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHA;

d. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid minimum wages, overtime compensation, and improper wage deductions due under the FLSA and the NJWHA;

f. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay minimum wages as well as overtime compensation and improper deductions from wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated damages as a result of the Defendant's willful failure to pay minimum wages, overtime compensation, and improper deduction from wages pursuant to NJWHA;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       August 24, 2007

By: _____
Fran L. Rudich (FR 5560) 7577
Seth L. Rudich (SL 5700)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838-5357
www.lockslaw.com

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFF**