

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, NY 11747
Tel. 631-247-0404
Fax. 631-247-0417
www.jacksonlewis.com

| | | |
|---|---|---|
| ATLANTA, GA | LONG ISLAND, NY | PROVIDENCE, RI |
| BIRMINGHAM, AL | LOS ANGELES, CA | RALEIGH -DURHAM, NC |
| BOSTON, MA | MIAMI, FL | RICHMOND, VA |
| CHICAGO, IL | MINNEAPOLIS, MN | SACRAMENTO, CA |
| CLEVELAND, OH | MORRISTOWN, NJ | SAN FRANCISCO, CA |
| DALLAS, TX | NEW YORK, NY | SEATTLE, WA |
| DENVER, CO | ORANGE COUNTY, CA | STAMFORD, CT |
| GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| HARTFORD, CT | PITTSBURGH, PA | WHITE PLAINS, NY |
| HOUSTON, TX | PORTLAND, OR | |

MY DIRECT DIAL IS: 631-247-4660
MY EMAIL ADDRESS IS: WENGERM@JACKSONLEWIS.COM

November 13, 2007

**VIA ECF**

Hon. Judge Joseph F. Bianco
United States District Court Judge
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: Darren Kraeuter, individually and on behalf
of all other persons similarly situated v.
David Lerner Associates
Case No.: CV-07-3571

Dear Hon. Judge Bianco:

As counsel for Defendant in the above-captioned matter, we seek leave of Court to move for dismissal of the Complaint because Plaintiff's claims under the New Jersey Wage and Hour Law and the Fair Labor Standards Act are time-barred. Briefly stated, Plaintiff was employed briefly by David Lerner Associates, as an investment counselor, from October 20, 2003 to October 29, 2004. According to PACER, Plaintiff did not commence this suit until August 29, 2007. He failed to file an opt-in form, thus failing to satisfy 29 U.S.C. §216(b). Thus, he cannot obtain any recovery under the Fair Labor Standards Act.

    A.    **FLSA Claims Are Time-Barred**

Plaintiff brought this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §207 and §216(b), but never filed an opt-in form. In a collective action brought pursuant to §216(b) the statute of limitations does not stop running until a Plaintiff formally opts into the suit


Attorneys at Law

Hon. Judge Joseph F. Bianco
United States Eastern District Court
November 13, 2007
Page 2

by filing a written consent with the Court. 29 U.S.C. §216(b). A potential member of an FLSA collective action suit, even a named Plaintiff, expressly must opt into the suit giving his consent in writing to become such a party and such consent must be filed in the court where the action is pending. See, e.g., Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 101, 104 (S.D.N.Y.2003) ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"); Hoffman v. Sbarro, Inc., 982 F.Supp.249, 260 (S.D.N.Y. 1997) (same); Hasken v. Louisville, 234 F.Supp.2d 688, 691 (W.D.Ken.2002) ("[T]he statute of limitations [in an FLSA collective action case] continues to run as to each individual plaintiff until he or she files a written consent to become part of the action."); Bonilla v. Las Vegas Cigar Co., 61 F.Supp.2d 1129, 1132-33 (D.Nev.1999); Songu-Mbriwa v. David Memorial Goodwill Indus., 144 F.R.D. 1, 2 (D.D.C.1992)("Until a plaintiff, even a named plaintiff, has filed a written consent, she has not joined in the class action, at least for statute of limitations purposes.") (emphasis added).

Since Plaintiff did not file an opt-in form and the three-year "willful" limitations period has expired, he cannot maintain a claim under the FLSA.

**B.    Claims Under New Jersey Law Are Time-Barred Since They Were Not Filed Within the Two-Year Statute of Limitations**

Like the FLSA, the New Jersey Wage and Hour Law imposes a two-year statute of limitations. Unlike the FLSA, the statute of limitations is not expanded to three years if the violation is shown to be willful. See, e.g., Moeck v. Gray Supply Corp., 2006 U.S. Dist. LEXIS 511 (D.N.J. 2006)(denying class and collective action treatment); Generie v. PRD Mgmt., 2006 U.S. Dist. LEXIS 9705 (D.N.J. Feb. 17, 2006). In Moeck, the District Court found:

> A year after its enactment, the Wage and Hour Law was amended to add a two-year statute of limitations. Troise v. Extel Communs., 345 N.J. Super. 231, 784 A.2d 748 (App. Div. 2001). The Wage and Hour Law, however, does not contain a provision similar to the FLSA which makes an exception for willful conduct. Therefore, Wilbur's action is not timely with regard to the [New Jersey] Wage and Hour Law.

As noted, Plaintiff ceased to be employed on October 29, 2004, but did not file suit until August 27, 2007. Over two years elapsed, barring his claim.

\*             \*             \*


Attorneys at Law

Hon. Judge Joseph F. Bianco
United States Eastern District Court
November 13, 2007
Page 3

For the foregoing reasons, Defendant seeks leave to move for dismissal of this lawsuit.

Respectfully yours,

JACKSON LEWIS LLP

*Marc S. Wenger*

Marc S. Wenger

MSW:lg

cc: Fran L. Rudich, Esq. (Via ECF and First-Class Mail)
Locks Law Firm , PLLC
*ATTORNEYS FOR PLAINTIFFS*
110 East 55th St., 12th Fl.
New York, NY  10022

Jeffrey M. Gottlieb, Esq. (Via ECF and First-Class Mail)
Berger& Gottlieb
*ATTORNEYS FOR PLAINTIFF*
150 East 18th St., Ste. PHR
New York, NY  10003

District Court Judge Joseph F. Bianco
(Courtesy copy via First-Class Mail)

District Court Magistrate Judge William Wall
(Via ECF)

I:\Clients\D\23565-MSM\115185\Correspondence\Ltr to Judge Bianco re move for dismissal.doc